# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **KYLEE BROOKS** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 6:23-cv-509 |
| § | |
| **LARRSCORAN MANAGEMENT, LLC,** § | |
| **d/b/a BOSSIER CHRYSLER DODGE** § | |
| **JEEP RAM and MIKE TERRY** § | **JURY TRIAL DEMAND** |
| **AUTOMOTIVE GROUP II, LLC AS** § | |
| **SUCCESSOR** § | |
| *Defendants*. | |

## ORIGINAL COMPLAINT

Plaintiff Kylee Brooks ("Plaintiff") by and through her attorneys, brings this action for damages and other legal and equitable relief from the Defendants' violation of the laws proscribing discrimination based on race, sex, and disability.

## INTRODUCTION

This is an action brought by Plaintiff seeking damages from Defendant Larrscoran Management, LLC, d/b/a Bossier Chrysler Dodge Jeep Ram, ("Larrscoran") and Defendant Mike Terry Automotive Group II, LLC ("Terry") as successor (collectively "Defendants"), for acts of intentional discrimination based on race, sex, and disability. Defendants' acts of discrimination and retaliation are in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 *et seq.*, (§ 1981"), § 102 the 1991 Civil Rights Act, 42 U.S.C. § 1981a *et seq.*; Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*; Title I of the Americans with Disabilities Act of 1990 ("ADA)," 42 U.S.C. § 12111(2) *et seq.*, and 42 U.S.C. § 12112(b)(1); and the Texas Employment Discrimination Act, as amended, Tex. Lab. Code 21.001 *et seq.*

**ORIGINAL COMPLAINT**

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) 42 U.S.C. § 1981 *et seq.*, as amended and 42 U.S.C. § 1981a *et seq.*, as amended; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.,* and pursuant to § 107(a) of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District. Venue is also proper under §706 of Title VII, 42 U.S.C. § 2000e-5(3)(f) in that the acts complained of herein, including unlawful employment practices, occurred within the federal District over which this Court has jurisdiction.

## PARTIES

3. At all relevant times, Defendants conducted business in the State of Texas and have continuously had at least fifteen employees.

4. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h), § 1981, the ADA, and the Texas Employment Discrimination Act.

**ORIGINAL COMPLAINT**

5. Defendants operate a car dealership headquartered at 306 I-35, Hillsboro, TX 76645.

6. At all relevant times, Plaintiff was employed by Defendants as that term is defined in Title VII, § 1981, the ADA, and the Texas Employment Discrimination Act.

7. Plaintiff is Black.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

8. Plaintiff has timely filed a charge of discrimination with the EEOC, which constitutes across-filing with the Texas Commission on Human Rights. Plaintiff received or requested her Notice of Right to Sue from the EEOC within ninety (90) days prior to the filing of this Complaint.

## FACTS UNDERLYING CLAIMS

9. Plaintiff, Kylee Brooks, was employed by Defendant Larrscoran at Bossier Chrysler Dodge Jeep Ram at 306 SW I-35, Hillsboro, TX as a Sales Associate from approximately May 2019 to July 2019.

10. During her employment, Ms. Brooks was subjected to a hostile work environment because of her race, sex, and disability.

11. Ms. Brooks is Black and was subjected to discriminatory comments because of her race. For example, her supervisor and the co-owner of Defendant Larrscoran, Randy Pretzer, told Ms. Brooks that he wanted her to wear her hair natural instead of wearing wigs or weaves, but then also called her "homely" because of her natural hair.

12. Mr. Pretzer made other race-based comments in front of Ms. Brooks, including inappropriate comments about how Black grandmothers run their households and calling a person of color a "monkey."

**ORIGINAL COMPLAINT**

13. Ms. Brooks was subjected to sex-based discrimination and sexual harassment at the dealership. For example, one customer asked Ms. Brooks for nude photographs. Another customer asked her for her phone number, and when she refused, management blamed Ms. Brooks for that car sale going poorly. Ms. Brooks also heard Mr. Pretzer frequently yell at female employees and heard him say that a female employee looked "like a troll."

14. Additionally, Ms. Brooks was subjected to sexual harassment by a white male coworker named Roy Stevenson. Mr. Stevenson made comments like, "When are you going to send me dirty pictures?" and "When are we going to go out?" Mr. Stevenson also slapped Ms. Brooks on her bottom multiple times. Ms. Brooks heard Mr. Pretzer make fun of Mr. Stevenson for purportedly liking Black women.

15. Ms. Brooks has the impairment of dyslexia. She is an individual with a disability under the Americans with Disabilities Act.

16. Defendant Larrscoran was made aware of Ms. Brooks' disability when she was hired for the position. However, Defendant Larrscoran failed to provide minor reasonable accommodations. For example, when Ms. Brooks tried to use her phone calculator to help with math that was necessary for her job and explicitly told Mr. Pretzer that this would be helpful for her dyslexia, Mr. Pretzer told her she could not use that device. Mr. Pretzer stated that she should be able to perform simple math without a calculator. Mr. Pretzer also made frequent comments about Ms. Brooks' ability to spell and implied she was stupid.

17. On or around July 10, 2019, Mr. Pretzer forced Ms. Brooks to do push-ups in front of other employees because she had made a spelling mistake. During this incident, Mr. Pretzer made derogatory statements about Ms. Brooks, such as the following: "Part of growing up is realizing your limitations;" "She's a doll, she's a sweetheart, but she's a servant by nature;" "She's

a sweetheart, but one thing you gotta be careful with, guys like her…you gotta be the Dad and get involved;" and "She's a real doll."

18.  Due to this discrimination and harassment, Ms. Brooks experienced depression, anxiety, and panic attacks.

19.  On or around July 19, 2019, Ms. Brooks was constructively discharged due to the ongoing harassment and discrimination.

20.  On September 25, 2019, Defendant Larrscoran sold the dealership to Defendant Terry for the purpose of Defendant Terry succeeding Defendant Larrscoran as the authorized Chrysler, Dodge, Jeep, and RAM dealer there.

21.  Defendant Terry's purchase from Defendant Larrscoran included the purchase of inventory; dealership materials; assigned leases and contracts; parts and accessories; work in process and sublet repairs; all fixed assets from Defendant Larrscoran, including all machinery and shop equipment, special tools, parts and accessories equipment, signs and computer hardware, furniture and fixtures, trade fixtures, and leasehold improvements; and other assets consistent with Defendant Terry succeeding Defendant Larrscoran as the authorized dealer there.

22.  Defendant Larrscoran knew about Ms. Brooks' claims of discrimination arising from her constructive discharge at the time Defendant Terry purchased the dealership.

23.  Defendants considered and entered into agreements regarding any pending or threatened lawsuits, claims or other actions against Defendant Larrscoran.

24.  Defendant Terry had actual or constructive notice of Ms. Brooks' claims arising from her constructive discharge from the dealership.

**ORIGINAL COMPLAINT**

25. On December 8, 2019, Defendants closed on the dealership purchase, whereafter Defendant Terry continued operating the dealership at the same location: 306 SW I-35, Hillsboro, TX.

26. The assets of Defendant Larrscoran will be insufficient for payment of monetary relief in this matter.

27. The Bossier-Terry contract includes an indemnification clause.

## CAUSES OF ACTION

### AS FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981** *et seq.*
**(Hostile Work Environment)**

28. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

29. The conduct alleged herein violates 42 U.S.C. § 1981, *et seq.*, as the Defendants have engaged in the practice of discrimination against the Plaintiff based on her race, Black, by subjecting Plaintiff to a racially hostile work environment.

### AS FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
**Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981** *et seq.*
**(Constructive Discharge)**

30. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

31. The conduct alleged herein violates 42 U.S.C. § 1981, *et seq.*, as the Defendants, by discriminating against the Plaintiff based on her race, Black, subjected Plaintiff to working conditions so intolerable that she was compelled to resign.

32. Plaintiff's requests for relief are set forth below.

**ORIGINAL COMPLAINT**

## AS FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.*
(Hostile Work Environment, Race)**

33. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

34. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as the Defendants have engaged in the practice of discrimination against the Plaintiff based on her race, Black, by subjecting Plaintiff to a racially hostile work environment.

35. Plaintiff's requests for relief are set forth below.

## AS FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.*
(Hostile Work Environment, Sex)**

36. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

37. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as the Defendants have engaged in the practice of discrimination by subjecting Plaintiff to a hostile work environment based on sex, female.

38. Plaintiff's requests for relief are set forth below.

## AS FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.*
(Constructive Discharge)**

39. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

40. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as the Defendants, by engaging in the practice of

**ORIGINAL COMPLAINT**

discrimination against the Plaintiff on the basis of race, Black. and sex, female, subjected Plaintiff to working conditions so intolerable that she was compelled to resign.

41. Plaintiff's requests for relief are set forth below.

### AS FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
### Title I of the ADA, 42 U.S.C. § 12111(2) *et seq.,* and 42 U.S.C. § 12112(b)
### (Failure to Accommodate)

42. At all relevant times, Plaintiff was a qualified individual under the ADA employed by Defendants, and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

43. At all relevant times, Defendants have been covered entities under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

44. Defendants failed to reasonably accommodate Plaintiff's disability in violation of Title I of the ADA, 42 U.S.C. § 12112(b)(5)(A) and 42 U.S.C. § 12111(9).

45. The Plaintiff's requests for relief are set forth below.

### AS FOR A SEVENTH CAUSE OF ACTION FOR A VIOLATION OF
### Title I of the ADA, 42 U.S.C. § 12111(2) *et seq.,* and 42 U.S.C. § 12112(b)
### (Constructive Discharge)

46. At all relevant times, Plaintiff was a qualified individual under the ADA employed by Defendants, and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

47. At all relevant times, Defendants have been covered entities under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

48. The conduct alleged herein violates Title I of the ADA, 42 U.S.C. § 12112(b)(5)(A) and 42 U.S.C. § 12111(9), as the Defendants, by discriminating against the Plaintiff by failing to

**ORIGINAL COMPLAINT**

reasonably accommodate Plaintiff's disability, subjected Plaintiff to working conditions so intolerable that she was compelled to resign.

49. The Plaintiff's requests for relief are set forth below.

### AS FOR AN EIGHTH CAUSE OF ACTION FOR A VIOLATION OF
### The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
### (Hostile Work Environment, Race)

50. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

51. The conduct alleged herein violates Tex. Lab. Code § 21.051, as the Defendants have engaged in the practice of discrimination against the Plaintiff based on her race, Black, by subjecting Plaintiff to a racially hostile work environment.

52. The Plaintiff's requests for relief are set forth below.

### AS FOR A NINTH CAUSE OF ACTION FOR A VIOLATION OF
### The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
### (Hostile Work Environment, Sex)

53. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

54. The conduct alleged herein violates Tex. Lab. Code § 21.051, as the Defendants have engaged in the practice of discrimination by subjecting Plaintiff to a hostile work environment based on sex, female.

55. The Plaintiff's requests for relief are set forth below

**ORIGINAL COMPLAINT**

## AS FOR A TENTH CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
(Failure to Accommodate Disability)**

56.     At all relevant times, Plaintiff has been a qualified individual with a disability under the Texas Employment Discrimination Act and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

57.     The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.128. as Defendants have failed to reasonably accommodate the Plaintiff's disability. Tex. Lab. Code § 21.051.

58.     The Plaintiff's requests for relief are set forth below.

## AS FOR AN ELEVENTH CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
(Constructive Discharge)**

59.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

60.     The conduct alleged herein violates Tex. Lab. Code § 21.051, as the Defendants, by engaging in the practice of discrimination against the Plaintiff on the basis of race, sex, and disability, subjected Plaintiff to working conditions so intolerable that she was compelled to resign.

61.     The Plaintiff's requests for relief are set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, prays for the following relief:

- That the practices of the Defendants complained of herein be determined and adjudged to be in violation of the rights of the Plaintiff under the federal and state laws identified above prohibiting discrimination and retaliation in employment;

**ORIGINAL COMPLAINT**

10

- That judgment be entered in favor of Plaintiff as set forth herein, and against Defendants, for back pay (including interest or an appropriate inflation factor), front pay, benefits and all other amounts owed to Plaintiff;

- That the Plaintiff be awarded compensatory damages for her hostile environment claims;

- That the Plaintiff be awarded punitive damages;

- That the Plaintiff be awarded pre- and post-judgment interest;

- That the Court award Plaintiff reasonable attorneys' fees and costs associated with this matter, including but not limited to expert fees and costs;

- That the Defendants be ordered to require training regarding race, color, national origin, religion and disability discrimination, including accommodation of religious beliefs and accommodation of disabilities;

- That the Court retain jurisdiction over Defendants until such time as it is satisfied that it has remedied the practices complained of and is determined to be in full compliance with the law; and

- That the Plaintiff be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: July 18, 2023

Respectfully submitted,
 */s/ Jay D. Ellwanger*
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Madison Chilton
Texas Bar No. 24132727
mchilton@equalrights.law
**ELLWANGER HENDERSON LLLP**
11149 Research Blvd. Ste. 100
Austin, TX 78759
Telephone/Fax: (737) 808-2263
*Counsel for Plaintiff*

**ORIGINAL COMPLAINT**